[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
This case was tried to the court on April 26, 1990 and May 31, 1990. Plaintiffs' brief was filed on June 18, 1990 and Defendants' brief on June 25, 1990.
Plaintiffs seek to recover certain medical expenses, loss of CT Page 2664 earnings, loss of earning capacity and, as to Plaintiff, Marlene Hatt, loss of consortium as a result of an alleged assault and battery by the Defendants, Robby and Bobby Bolton. The Defendants have denied all of the allegations relating to the assault and battery.
 II.
Based on the credible evidence, the court finds the following facts:
On or about January 24, 1986, the Plaintiff, Richard Hatt, was employed as a roofer at Regan Valley Roofing in Waterbury, Connecticut, at an hourly rate of $7.00. On January 24, 1986, after returning from work he and his wife, Plaintiff, Marlene Hatt went to the Sealoft Restaurant in Watertown for dinner. Mr. Hatt had a beer with dinner and Mrs. Hatt had a Tequila Sunrise. They left the Sealoft about 9:45 p.m. and decided to go to Our Place Cafe in Naugatuck for some drinks arriving about 10:00 p.m. They sat at the bar and engaged in conversation with the other patrons and with Barbara Marxo, the bartender.
About 10:30 or 11:00 p.m. that evening the Defendants, Robby and Bobby Bolton, and Theresa FitzGerald, Bobby's girlfriend at that time, arrived at Our Place Cafe. Bobby sat at the bar next to Marlene and Richard Hatt. Theresa FitzGerald sat next to Bobby and Robby stood behind both of them (i.e. FitzGerald and Bolton) closer to Bobby. The Boltons ordered beers and Ms. FitzGerald had a beer or an alcoholic beverage.
Between 10:00 and 11:00 p.m., Marlene and Richard Hatt each had two drinks. Sometime thereafter, when another patron in the bar had sent a third drink to Mr. Hatt, Marlene and Richard began an argument over whether Richard should have the third drink. Marlene felt Richard had had enough to drink since she expected him to drive the standard shift vehicle in which they had come. She was unable to drive such a vehicle. Richard appeared intoxicated at this point in time. The argument grew more heated and they both grabbed the third drink. Eventually Richard let go and the contents emptied over Marlene's head (the glass remained in her hand) and spilled on Robby Bolton. Prior to the drink hitting Robby Bolton, neither Defendant had spoken to Mr. Hatt. Robby was surprised and angered by this act. He continued to watch the Hatt's argue and when Mr. Hatt slapped Mrs. Hatt in the face, he verbally objected in an attempt to stop the argument. Plaintiff Hatt got off his bar stool, shoved Robby and said, "You don't get involved. Don't get into my business. It's none of your business." (Testimony of Barbara Marxo, May 31, 1990, Tr. p. 33). Within a matter of seconds, both men were on the floor. The Defendant, Bobby Bolton, attempted to shield Robby Bolton and CT Page 2665 Richard Hatt from any other patron who was not involved in the incident in order to prevent any intrusion by another patron. At no time did Bobby Bolton touch Mr. Hatt. Robby Bolton then helped Richard Hatt up off the floor and both Richard and Marlene Hatt left Our Place Cafe. Richard Hatt walked out unassisted.
Plaintiff Hatt, with his wife, drove his truck to the emergency room at Waterbury Hospital by using the throttle manually. The emergency room records indicate he was diagnosed as having a broken right ankle and a broken right little finger (See Plaintiffs' Exhibit 1). As a result of having broken his ankle, Mr. Hatt had to undergo surgery and was on crutches with his right leg in a cast for approximately 8 weeks. Mr. Hatt did not occupy the couple's waterbed with Mrs. Hatt during that period because his cast made it difficult for him to climb in and out of the bed. His medical bills totalled $6,653.39 (See Plaintiffs' Exhibits 1 through 7) and his lost wages to $2,800.
 II.
An actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally; one done under circumstances showing a reckless disregard of consequences; or one committed negligently. Russo v. Porga, 141 C. 706 (1954); Moriarty v. Lippe, 162 C. 371 (1972); Alteiri v. Colasso, 168 C. 329 (1975). Although Plaintiffs argue that this was an intentional assault and battery committed without provocation, the facts appear to be otherwise. Both Ms. FitzGerald and Ms. Marxo, neither of whom have any interest in the outcome of this matter, testified to the effect that Mr. Hatt verbally and physically provoked Robby Bolton after Bolton tried to break-up a fight between Mr. and Mrs. Hatt by verbally objecting to Mr. Hatt's treatment of his wife. From the testimony of FitzGerald and Marxo, one could conclude that Mr. Bolton acted justifiably in self-defense after being pushed by Mr. Hatt and used only reasonable force in fending off the angry Plaintiff.
In determining whether the Defendant acted reasonably, one should consider the facts as they reasonably appeared to Mr. Bolton, and not necessarily the facts as they actually existed. Laffin v. Apalucc, 130 C. 153 (1943); Hamauer v. Coscia, 157 C. 49 (1968). Here, the Plaintiff had just committed an act of violence upon his own wife immediately after which he proceeded toward the Defendant, pushed him and verbally told him not to interfere in his business. Defendant Bobby Bolton's actions were reasonably justifiable under the circumstances, despite the injuries which may have occurred to Mr. Hatt as a result of the fall. It is obvious from the evidence that Mr. Hatt had had a good deal of alcohol by the time of the incident. Even his wife did not want CT Page 2666 him to consume any more. One could reasonably conclude from the evidence that Mr. Hatt acted in a manner in which he contributed to his own injuries.
 IV.
The court concludes that the Plaintiffs have failed to meet their burden of proof as to the claim of assault and battery. The court need not reach the claim of loss of consortium or the question of damages.
Accordingly, judgment may enter in favor of the Defendants.
SANTOS, J.